United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-51043
Conference Calendar

———————————————

DAVE TODD, III,

Plaintiff-Appellant,

versus

CARL BURNS; A.R. MASSINGILL; KAY SHEELEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-26
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Dave Todd, III, Texas prisoner # 902802, has filed a motion to proceed *in forma pauperis* (IFP) on appeal challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). The district court dismissed Todd's 42 U.S.C. § 1983 complaint and denied permission to proceed IFP based on its

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion that Todd's claims of negligence failed to state a claim upon which relief may be granted.

Todd has failed to address the district court's conclusion in his brief. Therefore, he effectively has waived the only issue relevant to his entitlement to IFP status on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if Todd had briefed this issue, we conclude that an appeal would be frivolous. To the extent that the defendants' conduct was negligent, the district court correctly held that negligence claims are not cognizable in a 42 U.S.C. § 1983 complaint. See County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998). To the extent that Todd alleges that the defendants' conduct amounted to deliberate indifference to an unsafe working condition, he has not alleged facts that would show that prison officials were aware of an "excessive risk" that the machinery would fall and injure someone or that they deliberately disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The district court's certification that Todd's appeal is not taken in good faith is upheld, his motion for IFP is DENIED, and this appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2. Todd's motion for appointment of counsel also is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The dismissal of Todd's complaint in the district court and the dismissal of this appeal count as

"strikes" for the purposes of 28 U.S.C. § 1915(g).  See <u>Adepegba</u> <u>v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Todd that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.